HURLEY, Judge.
This is an appeal from the dismissal with prejudice of a petition for writ of mandamus. The trial court found that the allegations of the petition coupled with the attached exhibits conclusively established that mandamus was not an appropriate remedy. Thus, the court dismissed the petition without first issuing an order to show cause. We affirm for the reasons set forth below.
Appellant, Hasam Realty Corp., owns and operates the Diplomat Country Club in Hal-landale. At present, the club has what is called a “4COP” alcoholic beverage license which allows the consumption of alcoholic beverages on its premises until 2:00 A.M. In July of 1979, pursuant to a city ordinance, Hasam filed an application with the city of Hallandale for an extension of operating hours, seeking to remain open until 4:00 A.M. Following review, the city’s planning department recommended approval while the planning and zoning board recommended denial.
Ultimately, the issue was brought before the city commission, the legislative body with final authority to approve or reject such applications. A public hearing was held at which Hasam presented testimony indicating that extension of the club’s operating hours would have a negligible impact on traffic, noise, safety and similar factors affecting the neighborhood. On the other hand, several concerned residents testified that such an extension would have an adverse effect on the quality of life in the adjoining residential area.
The city commission denied Hasam’s application and Hasam filed a petition for writ of mandamus in the Circuit Court of the Seventeenth Judicial Circuit of Florida. The petition contained comprehensive factual allegations and was accompanied by numerous exhibits, one of which was a verbatim transcript of the December 18, 1979, city commission meeting at which Hasam’s application was considered and denied.
On appeal, Hasam questions the trial court’s action of ruling on the petition without first issuing an order to show cause. In this respect, we initially note that under Rule 9.100(f), Fla.R.App.P., the issuance of an order to show cause is a discretionary act:
If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. (Emphasis supplied).
More fundamental, however, is the rule of logic that courts are not required to perform useless gestures. In the case at bar, all relevant material was supplied by Ha- *563 sam, either in its petition or in the attached exhibits. Taken together, they irrefutably demonstrate that an appropriate legislative body reached a valid determination on a discretionary matter and consequently mandamus is inappropriate.
Mandamus lies to compel action of a mandatory or ministerial nature, Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947), but applies to discretionary actions only when a clear abuse of discretion is shown. State ex rel. Moody v. Barnes, 25 Fla. 298, 5 So. 722 (Fla. 1889). The term “abuse of discretion” does not encompass unwise or mistaken decisions as long as there are grounds on which the decision could be made. Id. at 726. Abuse of discretion arises when there is no conceivable basis for the decision. Such is not the situation here.
By Ordinance 78-22 of the City of Hal-landale, Florida, the city commission is given non-exclusive criteria with which to analyze an application for extended operating hours. The commission is not required to confine itself to the enumerated items or to weigh them equally so that compliance with a majority would mandate approval of the application. Rather, the commission is given legislative authority to weigh all relevant factors and make a discretionary, not to say arbitrary, decision. Having before it substantive testimony both for and against the extension of appellant’s operating hours, the commission’s denial of Hasam’s application was within its discretion, for which this court may not substitute its own judgment.
AFFIRMED.
DOWNEY, J., and SHARP, G. KENDALL, Associate Judge, concur.