509 So.2d 1381 (1987)
FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., Appellant,
v.
TEMPLE BAPTIST CHURCH, INC., et al., Appellees.
No. BR-237.
District Court of Appeal of Florida, First District.
July 23, 1987.
*1382 Leonard E. Ireland, Jr., of Clayton, Johnston, Quincey, Ireland, Felder, Gadd, Smith & Roundtree, Gainesville, for appellant.
Albert Craig Penson and David A. Barrett of Barrett and Bajoczky, Tallahassee, for appellees.
SMITH, Chief Judge.
Appellant, Florida High School Activities Association, Inc. (FHSAA), seeks review of a final judgment declaring an FHSAA bylaw unconstitutional and permanently enjoining FHSAA from forbidding a certain student to play football during a specified period of time and from requiring North Florida Christian School (NFCS) to forfeit any games in which the student participated prior to the execution of a blue waiver form. We affirm in part and reverse in part.
At the beginning of his tenth year, Billy Hightower transferred from Leon High School to NFCS where he became a member of the football team. Prior to commencement of the football season, the principal at NFCS forwarded to FHSAA an annual athletic eligibility list, which included the name of Billy Hightower, and sent to the principal of Leon High School for his signature an application for waiver of the transfer rule (blue waiver form). Since the Leon principal never received the form, the NFCS principal sent him another one. When the second form was not returned, the NFCS principal directed his coach to hand deliver a third form to the Leon principal which he signed. Prior to execution of the blue waiver form, Billy had played in eight football games, and the team's record was seven wins and two losses.
Upon learning of Billy's participation in these eight games, the executive secretary of FHSAA wrote the NFCS principal a letter in which he ordered NFCS to forfeit all games won in which Billy had participated before the blue waiver form was signed. The effect of the forfeiture was to prevent NFCS from playing Trenton High School in a "Kansas Tie Breaker" to determine the district champion.
After a hearing on the matter, the trial court entered its judgment enjoining FHSAA from declaring Billy ineligible to participate in interscholastic sports activities for any portion of the current football season, including post-season football competition, and from requiring NFCS to forfeit any games in which Billy participated before the blue waiver form was executed.
FHSAA regulates interscholastic activities of Florida high school students. Most Florida high schools are members of FHSAA and are represented in the organization by their principal. These representatives adopted By-Law 19-11-2 which states in relevant part the following:
A student who transfers from a Florida public school which is a member of this Association, to a Florida private school that is also a member of this Association, or vice versa, shall be ineligible to represent the new school he/she is attending until he/she has been in attendance a full calender year unless he/she has completed all grades in the school from which he/she transfers.
NOTE 1: The provisions of Article 19, Section 11, Paragraph 2 as they apply to a transfer student from a public school to a private school or vice versa may be waived if the benefit of athletic eligibility is requested by the principal of the school from which he/she transfers and the principal of the school to which he/she transfers, on a form to be furnished by the Executive Secretary.
By-law 19-11-2 is the general transfer rule which provides that any student who has not completed all of the grades in the sending school will be ineligible to represent the receiving school for one full year. Note 1 to By-Law 19-11-2 provides *1383 that the one-year residency requirement may be waived when both principals sign a waiver form. In the present case, after a series of mishaps, the blue waiver form was ultimately executed by both principals and forwarded to FHSAA. There is nothing in the above note that would prohibit its retroactive application under the circumstances of this case. In light of the fundamental principle that equity abhors forfeitures, Enfinger v. Order of United Commercial Travelers, 156 So.2d 38 (Fla. 1st DCA 1963), we find that it would be unconscionable to require NFCS on the facts herein to forfeit the games it won prior to execution of the blue waiver form, and we affirm the trial court's granting of equitable relief on this ground. Indeed, to interpret otherwise the effect of the ultimate signing of the blue waiver form would be to invite challenge on the grounds that the waiver provision is administered in a purely arbitrary, whimsical and capricious manner. See, Staten v. Couch, 507 So.2d 702 (Fla. 1st DCA 1987); Lee v. Florida High School Activities Association, Inc., 291 So.2d 636 (Fla. 3d DCA 1974). We, therefore, affirm the trial court's final judgment enjoining FHSAA from requiring NFCS to forfeit the games in dispute and from declaring Billy ineligible to participate in interscholastic sports activities during the current year.
Appellant contends that the trial court erred in declaring By-Law 19-11-8 invalid under the Florida Constitution's equal protection clause. Constitutional questions will be decided by a court only when it is necessary to the disposition of the case. In Re Estate of Sale, 227 So.2d 199 (Fla. 1969). Since we have resolved this case on non-constitutional grounds, we reverse, without addressing the merits, that portion of the trial court's judgment declaring By-Law 19-11-8 unconstitutional.
AFFIRMED in part and REVERSED in part.
ERVIN and BOOTH, JJ., concur.