CORRECTED OPINION
PER CURIAM.
We deny the petition for writ of mandamus to compel the trial court to grant emergency motions filed by petitioner-father seeking temporary custody of his children pending a final judgment in this custody battle. The trial judge determined that even though there was home state jurisdiction in this case, he could not enter a temporary order on an emergency basis because of the absence of the child from the state, citing section 61.1308(l)(c), Florida Statutes (1987). This section is a seldom used provision for a court to assert jurisdiction but which does not prevent a court from hearing an emergency motion once the court finds it has homestate jurisdiction. However, despite the misapplication of section 61.1308(l)(c), Florida Statutes (1987), the trial court additionally de *519 termined that notice of the hearing on the motion for temporary custody was insufficient and that the mother had a right to be heard on this important matter. The granting of a temporary custody order is hardly a ministerial act, and a writ of mandamus may be issued only to command an inferior court to perform an act involving no exercise of discretion.
The petition for writ of mandamus is denied.
HERSEY, C.J., and WALDEN and WARNER, JJ., concur.