569 So.2d 1358 (1990)
James S. MATTSON, Andrew M. Tobin, and Joseph J. Vetrick, D/B/a Mattson Tobin & Vetrick, Attorneys at Law, Petitioners,
v.
Danny L. KOLHAGE, As Clerk of the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida, Respondent.
No. 90-1940.
District Court of Appeal of Florida, Third District.
November 13, 1990.
*1359 Mattson Tobin & Vetrick and James S. Mattson, Key Largo, for petitioners.
Larry A. Tracy and Joseph B. Allen, III, Key West, for respondent.
Beckmeyer & Mulick, Tavernier, for Florida Keys Bar Ass'n, amicus curiae.
Before SCHWARTZ, NESBITT and COPE, JJ.
PER CURIAM.
Petitioners James S. Mattson, Andrew M. Tobin and Joseph J. Vetrick petition for a writ of mandamus to the Clerk of the Circuit Court of the Sixteenth Judicial Circuit.[*] We grant the petition.
In March, 1989, two judges of the Sixteenth Judicial Circuit directed a memorandum to the Clerk of the Circuit Court for the Middle Keys Division. The memorandum instructed the clerk not to accept for filing any circuit court civil motion not accompanied by a notice of hearing setting the motion for a hearing with the appropriate judge. The memorandum does not apply elsewhere in the Sixteenth Judicial Circuit. The purpose of the memorandum is to assure that there is expeditious scheduling and resolution of motions in civil cases.
Petitioners are attorneys practicing in the Sixteenth Judicial Circuit. In three instances they have attempted to file motions in the Middle Keys Division without a notice of hearing. In each instance the clerk declined to file it. Each motion was returned unfiled, accompanied by a memorandum stating, "I'm sorry I cannot accept your motion without a notice of hearing. This is an order from the judge. If you have any questions, please call us." Petitioners contend that the judges' memorandum places an impermissible limitation on the obligation of the clerk to file motions in pending cases. We agree.
The clerk is charged with the ministerial duty to "keep all papers filed in his office with the utmost care and security, arranged in appropriate files (endorsing upon each the time when the same was filed)... ." § 28.13, Fla. Stat. (1989) (emphasis added). The clerk is required to "keep a progress docket in which he shall note the filing of each pleading, motion, or other paper and any step taken by him in connection with each action, appeal, or other proceeding before the court." Id. § 28.211. In short, the clerk is obliged to accept motions presented for filing in pending cases. See Outboard Marine Domestic Int'l Sales Corp. v. Florida Stevedoring Corp., 483 So.2d 823, 823-24 (Fla. 3d DCA 1986); see also State ex rel. Kaufman v. Sutton, 231 So.2d 874, 875 (Fla. 3d DCA 1970) (as qualified in Outboard Marine). See generally State ex rel. Druissi v. Almand, 75 So.2d 905, 906-07 (Fla. 1954); Ferlita v. State, 380 So.2d 1118, 1119 (Fla. 2d DCA 1980). The memorandum directed to the clerk was impermissible and the petitioners are entitled to the requested relief.
We sympathize with the judges' stated objective of expediting the flow of judicial business. We do not quarrel with that *1360 objective, but less drastic means will need to be employed to achieve it.
We therefore grant the petition for writ of mandamus and direct that the clerk of the circuit court accept motions presented for filing in circuit court civil cases.
NOTES
[*] The court expresses its appreciation to the Florida Keys Bar Association for its brief as amicus curiae, and participation at oral argument, in this matter.