COPE, Judge.
Julio Mantilla appeals an order denying his motion to expunge or seal a criminal record. We reverse.
The 1992 legislature enacted new requirements for the expungement of criminal history records, other than judicial records. Ch. 92-73, §§ 3-5, Laws of Fla., creating §§ 943.0585 and 943.059, Fla.Stat. (Supp.1992), and repealing § 943.053, Fla.Stat. (1991). The Florida Supreme Court has acknowledged that in order to implement the new legislation appropriately, revisions will be needed to Florida Rule of Criminal Procedure 3.692 and Form 3.989. In re Amendments to the Florida Rules of Criminal Procedure, 606 So.2d 227 (Fla.1992).
The major change accomplished by the 1992 legislation is to require a petitioner for expungement or sealing of a criminal history record to obtain a certificate of eligibility from the Florida Department of Law Enforcement. §§ 943.0585(1), 943.-059(1), Fla.Stat. (Supp.1992). The certificate will in essence inform the trial court whether the particular criminal history record falls into the statutory category of records eligible for sealing or expungement. Id.
The trial court interpreted the new statute as requiring the certificate of eligibility to be filed with the petition. Since that had not been done, the court dismissed the petition. Mantilla appeals, contending that the statute infringes the Florida Supreme Court’s rule-making authority. See Art. V, § 2(a), Fla. Const.
We do not interpret the 1992 legislation as attempting to prescribe matters of procedure. Subsections 943.0585(1) and 943.059(1) say only that a petition is “complete” when accompanied by the certificate of eligibility. We do not read the statute as requiring the certificate to be filed simultaneously with the petition, but only that the file will not be deemed complete and eligible for consideration on the merits until the certificate of eligibility is submitted. In our view this construction effectuates the legislative intent while avoiding an interpretation which would infringe on the Supreme Court’s rulemaking authority. See Leapai v. Milton, 595 So.2d 12, 14 (Fla.1992).
In sum, until the Rules are revised, those seeking the expungement or sealing of criminal history records should continue to comply with Rule 3.692 and Form 3.989 by filing the petition and affidavit prescribed therein. Until the Rules are modified to specify otherwise, the certificate of eligibility may accompany the petition or may be filed subsequently.
In our view the trial court should not have dismissed the petition for failure to annex the Department of Law Enforcement certificate to the petition, but should instead have allowed the petitioner an opportunity to obtain and file the certificate. The clerk should have accepted the petition for filing in any event. See Mattson v. Kolhage, 569 So.2d 1358, 1359 (Fla. 3d DCA 1990). Construing the statute as stated here, we concur with the trial court that chapter 92-73, Laws of Florida, does not infringe the Florida Supreme Court’s rule-making authority. See Art. V, § 2(a), Fla. Const.; cf. Johnson v. State, 336 So.2d 93 (Fla.1976) (constitutional analysis of a previous statute). See generally State v. Pena, 593 So.2d 282 (Fla. 4th DCA 1992) (en banc).
The order under review is reversed and the cause remanded for further proceedings consistent herewith.