632 So.2d 120 (1994)
Tracy BUCKHALT, Appellant,
v.
Diane McGhee and The Honorable N. Russell Bower, Circuit Judge, Fourteenth Judicial Circuit, Appellees.
No. 93-2942.
District Court of Appeal of Florida, First District.
February 9, 1994.
*121 Kimberly Fitzpatrick Pell, Panama City, for appellant.
Graham Clarke, Staats, White & Clarke, Panama City, for appellees.
PER CURIAM.
Tracy Buckhalt has filed both a petition for mandamus and a notice of appeal. The trial court hearing Ms. Buckhalt's petition for dissolution of marriage awarded temporary custody of Ms. Buckhalt's minor child to Diane McGhee, the child's maternal grandmother. Finding no reversible error in the order on temporary custody, we affirm.
First, Ms. Buckhalt petitioned for mandamus, requesting this Court to order the court below to hear further testimony before entering its order on temporary custody. Ms. Buckhalt asserts that the trial court abused its discretion in limiting the time for hearing so that she was unable to present the testimony of several witnesses, and that the court had no discretion to refuse to hear her testimony. Ms. Buckhalt had an opportunity to testify, but because of the limited time allowed for the presentation of her evidence was unable to do so.
Mandamus will not lie when the official against whom a petition for mandamus is sought has any discretion in the performance of the act petitioner seeks to compel. See, e.g., City of Miami Beach v. Mr. Samuel's, Inc., 351 So.2d 719, 722 (Fla. 1977). In Martin v. Marko, 564 So.2d 518 (Fla. 4th DCA 1990), proh. denied mem., 582 So.2d 623 (Fla. 1991), the court denied a petition for writ of mandamus to compel the trial court to grant emergency motions for temporary custody. The trial court denied the motions because it wanted to take the testimony of the other parent. The Fourth District Court of Appeal held that "[t]he granting of a temporary custody order is hardly a ministerial act, and a writ of mandamus may be issued only to command an inferior court to perform an act involving no exercise of discretion." Id. at 519. Petitioner has cited no cases to support a claim that the trial court had no discretion whatsoever in setting the time allowed for the hearing and in declining to take further testimony. The length of time set aside by the court for a hearing is generally a matter left to the discretion of the trial court. Mandamus is not an appropriate remedy for the trial court's refusal to give additional time to take additional testimony.
Second, Ms. Buckhalt appeals the order granting temporary custody on the grounds that Florida Statutes section 61.13(7) (1993) is unconstitutional on its face and as applied. Ms. Buckhalt argues that the best interest test is not appropriate in a custody contest between a natural parent and a third party, and that a decision to award custody to one other than the natural parent is an unconstitutional infringement upon the fundamental liberty interest of parents in the care and custody of their children if the parent is not unfit. The trial court did not address the constitutionality of the statute. We find that, at this stage of the proceeding, after an order which only addresses the temporary custody of the child, it is not necessary or appropriate for us to decide the constitutionality of section 61.13(7). Florida courts must avoid passing on the constitutionality of a statute if it is possible to resolve the case on other grounds. See Victer v. State, 174 So.2d 544, 545 (Fla. 1965); Florida High School Activities Ass'n, Inc v. Temple Baptist Church, Inc., 509 So.2d 1381, 1383 (Fla. 1st DCA 1987).
The trial court merely made a temporary arrangement for the safety and best interests of this child, until a permanent custody hearing could be held, in which all the parties would have a further opportunity to be heard and the proper test would be applied. Such a temporary custody arrangement is within the power of the court, and the court did not abuse its discretion in applying the standard used in this case at such a temporary custody proceeding. Cf. Cone v. Cone, 62 So.2d 907 (Fla. 1953) (en bane) (temporarily awarding child custody to maternal grandmother over objections of natural father in the best interests of the child); Kennedy v. Kennedy, 559 So.2d 713 *122 (Fla. 5th DCA 1990) (Florida court lacked jurisdiction to change permanent custody of child who officially resided with mother in Georgia, but Florida court nonetheless had power under doctrine of parens patriae to issue a temporary protective order to maintain the child's residence in Florida with its great-aunt and great-uncle); Eades v. Dorio, 113 So.2d 232 (Fla. 2d DCA 1959) (holding that custody orders which are temporary in nature may be based upon the best interest of the child test, rather than requiring proof of the unfitness of the parent).
Accordingly, the Order on Temporary Custody is AFFIRMED.
BOOTH, LAWRENCE and DAVIS, JJ., concur.