667 So.2d 966 (1996)
CORAL SPRINGS TOWER CLUB II CONDOMINIUM ASSOCIATION, INC., Petitioner,
v.
Lynne R. DIZEFALO and Honorable Harry G. Hinckley, Jr., Respondents.
No. 95-2366.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
Deborah S. Sugarman of Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Hollywood, for respondent.
PARIENTE, Judge.
This mandamus petition seeks to compel the Broward County Circuit Court to reverse *967 an order transferring a foreclosure action to county court because the matter in controversy was less than $15,000. We grant the writ of mandamus because the circuit court erroneously refused to exercise jurisdiction over a matter clearly within its jurisdiction.
In Alexdex Corp. v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla.1994), after construing the legislative grants of authority to the circuit and county courts, our supreme court held that both the circuit and county court have concurrent jurisdiction over foreclosure actions. The only limitation placed on the concurrent exercise of jurisdiction would be that county court foreclosure actions must fall within the county court's monetary jurisdiction. Alexdex. Thus, a circuit court has subject matter jurisdiction over a foreclosure action even though the amount in controversy is under $15,000. See American Roll-Up Door Co. v. Chromalloy Gas Turbine Corp., 662 So.2d 767 (Fla. 4th DCA 1995) (circuit court has subject matter jurisdiction over a complaint to foreclose a mechanic's lien on a claim for $4,592).
While acknowledging Alexdex, the circuit court here transferred the action to county court solely because the amount in controversy was less than $15,000:
[S]ince this foreclosure action involves an amount in controversy less than $15,000.00, this Honorable Court believes that this action should not have been filed in Circuit Court but in fact should be heard by the County Court.
The circuit made this decision sua sponte without any pending motion filed by either party at a hearing on petitioner's motion for summary judgment. In fact, prior to the scheduled hearing the parties had agreed to the entry of a final judgment, with the foreclosure sale not to be held sooner than sixty days from the entry of the judgment. The case was effectively over, requiring only that the circuit court sign the necessary orders.
The circuit court did not rely on any discretionary factors in deciding to transfer the cause to county court; it simply refused to exercise jurisdiction over a matter properly within its jurisdiction. We are unaware of any statute, rule of procedure or local administrative order which authorizes transfer because a trial judge just does not want to hear the case.
Mandamus is not available to mandate the doing or undoing of a discretionary act or a merely erroneous decision. See Migliore v. City of Lauderhill, 415 So.2d 62, 63 (Fla. 4th DCA 1982), approved, 431 So.2d 986 (Fla.1983); Hasam Realty Corp. v. City of Hallandale, 393 So.2d 561, 563 (Fla. 4th DCA 1981). However, as stated in Flagship National Bank v. Testa, 429 So.2d 69, 70 (Fla. 3d DCA 1983), mandamus is available "[i]f a lower court, without sufficient reason, neglects or refuses to act on a matter within its jurisdiction ... unless the aggrieved party has an adequate remedy by appeal."
Here the circuit court refused to exercise jurisdiction over a cause of action within its jurisdiction, in disregard for the clear legal rights of a litigant to bring a mortgage foreclosure action in circuit court as established by our supreme court's decision in Alexdex. See Sea Breeze, Video, Inc. v. Federico, 648 So.2d 226 (Fla. 2d DCA 1994); Woodland v. Lindsey, 586 So.2d 1255, 1256 (Fla. 4th DCA 1991); Martin v. Marko, 564 So.2d 518 (Fla. 4th DCA 1990). In anticipation that the circuit court will vacate its order of transfer and accept jurisdiction over this case, we grant the petition for writ of mandamus but withhold issuing the writ.
STONE and KLEIN, JJ., concur.