712 So.2d 474 (1998)
Jorge MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01488.
District Court of Appeal of Florida, Second District.
July 1, 1998.
PER CURIAM.
Jorge Morales challenges the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He accurately alleges that his sentence of thirty years' prison followed by five years' probation for a first-degree felony exceeds the thirty-year maximum allowable sentence. The trial court denied the motion on the basis that the sentence was the result of a negotiated plea. We reverse.
A criminal defendant may not agree to the imposition of an illegal sentence. See Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994). A sentence which combines prison and probation is illegal if the total of the incarcerative and supervisory portions of the sentence exceeds the statutory maximum (provided the guidelines do not call for a sentence in excess of this statutory maximum, which is inapposite here). See Garcia v. State, 666 So.2d 231 (Fla. 2d DCA 1995); *475 Robbins v. State, 641 So.2d 934 (Fla. 2d DCA 1994). As this sentence was imposed pursuant to a plea negotiation, the State may avail itself of the opportunity to require the withdrawal of the plea.[1]See Hayes v. State, 598 So.2d 135 (Fla. 5th DCA 1992); Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991). Considering that the five-year probationary period which will need to be deleted from the sentence to render it legal was directed to run concurrently with a like probationary period on a legal sentence, we trust there will be no need to revive this criminal prosecution.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK and PATTERSON, JJ., concur.
NOTES
[1] Correction of the sentence at issue will result in a penalty of thirty years in prison, which is the maximum allowable for a first-degree felony. Unless the State agreed to a plea involving reduced charges or waived habitual offender sentencing as part of the negotiation, which Morales denies, ordinarily the usual option available to the State to require vacation of the plea would not apply in such circumstances because the State could not conceivably be prejudiced by a sentence correction which results in a maximum sentence. In this case, however, Morales also entered a plea to a second-degree felony for which a sentence was imposed which did not meet the statutory maximum and which was directed to run concurrently with the prison sentence on the first-degree felony. The sentencing on both counts comprehends a negotiated package. At least in theory the State could be prejudiced by the failure of this agreement resulting from our identification of the illegality of one of the sentences.