PER CURIAM.
The petitioner seeks to compel the Palm Beach County circuit court to exercise jurisdiction over an action for damages and for injunctive relief, brought under sections 559.77 et seq., Florida Statutes (relating to consumer debt collection practices), and sections 501.201 et seq., Florida Statutes (relating to deceptive and unfair trade practices). The circuit court transferred the case to the county court, finding that it did not have jurisdiction because it was persuaded by the arguments of the defendant that the amount in controversy did not exceed the county court’s $15,000 jurisdictional amount. We grant the petition.
Because the circuit and county courts have concurrent jurisdiction over such actions when equitable relief is sought, qualified only in that, if brought in county court, such actions must fall within the $15,000 monetary jurisdictional amount, the trial court erred in refusing to exercise jurisdiction over a matter which clearly was within its jurisdiction. See Alexdex Corp. v. Nachon Enters., Inc., 641 So.2d 858 (Fla.1994); Coral Springs Tower Club II Condominium Ass’n v. Dizefalo, 667 So.2d 966 (Fla. 4th DCA 1996) (in mandamus proceeding, instructing circuit court to vacate order transferring to county court a foreclosure action where amount in controversy was less than $15,000).
GUNTHER, GROSS and TAYLOR, JJ., concur.