748 So.2d 376 (2000)
J. TUCKER, Appellant,
v.
Harvey RUVIN, etc., Appellee.
No. 3D99-237.
District Court of Appeal of Florida, Third District.
January 19, 2000.
*377 J. Tucker, in proper person.
Antonio Gonzalez, Orange Park, for appellee.
Before COPE and SORONDO, JJ., and NESBITT, Senior Judge.
SORONDO, J.
In August of 1997, J. Tucker attempted to file a Declaration of Adversary proceeding in a probate case captioned: In Re: Estate of James George, Case No. 93-3730(02). The Clerk of the court, in conformity with court policy, presented the declaration to the presiding judge who reviewed it and denied the attempted filing.[1] The judge wrote and initialed his ruling on the document. The complaint was not filed and the fee was returned.
On November 4, 1997, Tucker filed a Petition for Writ of Mandamus, asking the circuit court to direct the Clerk to accept the complaint for filing. The Clerk filed a Motion to Dismiss which the trial judge granted. We reverse the order dismissing the petition and remand with directions to grant same.
Article I, Section 21 of the Florida Constitution guarantees access to courts to "every person for redress of any injury, and justice shall be administered without sale, denial or delay." Tucker sought to avail himself of this provision by filing a pleading entitled, "Declaration That Proceeding is Adversary" in a probate case then pending in the circuit court. Pursuant to an administrative memorandum, his right to file that pleading was summarily denied. That denial violated his rights under Article I, Section 21.
The Clerk of Courts filed a motion to dismiss Tucker's Petition for Writ of Mandamus arguing that mandamus did not lie because the petitioner did not satisfy the prerequisites for the issuance of a writ of mandamus, specifically that: 1) petitioner must have a clear legal right, 2) respondent must have a clear legal, ministerial duty to perform, and 3) petitioner must have no other adequate legal remedy available. See Hatten v. State, 561 So.2d *378 562, 563 (Fla.1990); Holcomb v. Department of Corrections, 609 So.2d 751, 753 (Fla. 1st DCA 1992). The trial court focused on the third element and concluded that because the petitioner had the legal right to appeal the original "denial" of the attempt to file the pleading, he had an adequate legal remedy.[2] We disagree.
As pertinent to our analysis, Rule 9.020(h) of the Florida Rules of Appellate Procedure reads as follows:
An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.
No such order was ever rendered by the trial court. The Clerk of the Court presented the trial judge with the pleading in question. The judge then wrote the word "denied" on the pleading and affixed his initials. Next to the judge's entry the clerk's office wrote, "Do not File per Judge." Because no order was ever rendered, an appeal from the judge's decision to reject the pleading was not possible. Under these circumstances, mandamus was the appropriate remedy.
The order dismissing the petition for writ of mandamus is reversed. This cause is remanded with instructions to grant the petition.
Reversed and remanded.
NOTES
[1] The lower court's policy is based upon a memorandum issued on November 1, 1979 by the then administrative judge of the probate division.
[2] We conclude that the first two requirements were satisfied. As concerns the petitioner's "clear legal right," our discussion of petitioner's right to access to courts is dispositive. It follows from that conclusion that the Clerk of the Court had a clear legal, ministerial duty to accept the pleading for filing. See Mantilla v. State, 615 So.2d 809 (Fla. 3d DCA 1993); Kollin v. Ader, 591 So.2d 320 (Fla. 3d DCA 1991); Mattson v. Kolhage, 569 So.2d 1358 (Fla. 3d DCA 1990).