884 So.2d 299 (2004)
Emmanuel DIAZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-738.
District Court of Appeal of Florida, Second District.
August 18, 2004.
Craig A. Huffman, Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ron Napolitano and C. Suzanne Bechard, Assistant Attorneys General, Tampa, for Respondent.
PER CURIAM.
Emmanuel Diaz petitions this court for a writ of habeas corpus. In the petition, he alleges that the trial court illegally sentenced him to sixty days in the county jail for violating the drug pretrial intervention program (PTI). By previous unpublished order, we directed that Mr. Diaz be immediately released pending further review of the petition. We now grant the petition and quash the order requiring Mr. Diaz to serve sixty days in jail as a sanction for violating PTI. We conclude that the trial court has no authority to impose a term of imprisonment without a resumption of normal criminal proceedings.
Mr. Diaz was charged with possession of marijuana with intent to deliver and possession of drug paraphernalia. He entered PTI, waived speedy trial, and executed the contract titled "Drug Court Agreement," which the State required that *300 he sign prior to providing him the opportunity to participate in the program. Paragraph twenty-four of the contract states: "The Defendant agrees that noncompliance with the program may result in judicial sanctions to include county jail time." Mr. Diaz violated the conditions of PTI on three prior occasions but was continued in the program. The Department of Corrections filed a fourth violation report, and the trial court conducted a hearing to determine whether Mr. Diaz had again violated the conditions of PTI. After finding that Mr. Diaz had in fact violated the conditions of the program, the trial court sentenced him to sixty days in the county jail and ordered him discharged from the program once his sixty-day county jail sentence was served. The trial court stated that the sixty-day county jail sentence was for "doing absolutely nothing in this program." Mr. Diaz subsequently filed this petition.
In the petition, Mr. Diaz argues that his confinement is illegal because there is no statutory authorization for the imposition of a jail sentence upon violation of PTI. We agree. The pretrial intervention program is governed by section 948.08, Florida Statutes (2003). The only "sanctions" available to the trial court for failure to abide by the conditions of PTI are contained in section 948.08(6)(c)(1). That section states: "If the trial court finds that the defendant has not successfully completed the pretrial intervention program, the court may order the person to continue in education and treatment or order that the charges revert to normal channels for prosecution."
The jail sentence imposed by the trial court in the present case is an illegal sentence. The supreme court has defined an illegal sentence for purposes of Florida Rule of Criminal Procedure 3.800(a) to includea sentence which imposes a punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. See Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). Simply stated, a trial judge may not impose a jail sentence for breach of contract when the party has never been convicted of a crime. The fact that Mr. Diaz signed a contract with the State agreeing that he could be sentenced to county jail for noncompliance with PTI is of no import because "[a] criminal defendant may not agree to the imposition of an illegal sentence." Morales v. State, 712 So.2d 474, 474 (Fla. 2d DCA 1998).
The petition for writ of habeas corpus is granted, and the directive of the trial court sentencing Mr. Diaz to sixty days in the county jail is quashed.

ON THE MOTION FOR REHEARING
The State filed a motion for rehearing or clarification in this case. It did not dispute the result in this specific case but suggested that incarceration in a county jail could be used in certain circumstances as a sanction when an offender in a pretrial intervention program violated the conditions of the program or the terms of a local administrative order. This court ordered additional briefing and permitted the Florida Association of Drug Court Professionals (FADCP) to file an amicus brief on rehearing.
The FADCP's brief demonstrates the effectiveness of the drug court program and states that "incarceration is a sanction vital to the success of drug court." This court is aware of the success of drug courts and does not wish to cripple their effectiveness. On the other hand, we continue to believe that breach of the terms of an agreement between the State and someone merely accused of a crime cannot generally be enforced by a term of imprisonment in the county jail.
*301 Our opinion does not address a conviction for direct or indirect criminal contempt. Thus, we are not deciding whether contempt can or cannot be used as a method to enforce a pretrial intervention agreement. The administrators of these worthwhile programs need to give additional thought to the methods used to enforce pretrial intervention agreements. It may be that the legislature needs to review the adequacy of the statutory enforcement provisions.
ALTENBERND, C.J., and WHATLEY and CASANUEVA, JJ., Concur.