984 So.2d 604 (2008)
Tremaine BAILEM, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D08-230.
District Court of Appeal of Florida, Third District.
June 11, 2008.
*605 Tremaine Bailem, in proper person.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for respondent.
Before SHEPHERD, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
Tremaine Bailem ("Bailem") petitions this Court for the issuance of either a writ of habeas corpus or a writ of mandamus to compel the trial court to grant Bailem's request to transport him to Miami-Dade County and to allow him to testify at a requested evidentiary hearing. As mandamus and habeas corpus are not the appropriate avenues to obtain the relief requested, and the requested relief is now moot, we deny both petitions.
The record reflects that on September 15, 2006, Bailem was charged with committing several criminal offenses. On November 6, 2006, he was adjudicated competent *606 to proceed, and on December 7, 2006, he pled to the charges and was sentenced to 366 days incarceration to be served concurrently with the sentences imposed in case numbers 02-421, 02-913, and 03-134.
On April 11, 2007, Bailem filed a motion for postconviction relief, and on May 29, 2007, he filed a motion for an order to transport him to Miami-Dade County for an evidentiary hearing. On May 31, 2007, the trial court entered an order summarily denying Bailem's motion for postconviction relief. Bailem has not appealed this ruling. In March of 2008, Bailem filed the instant pro se amended petition for writ of habeas corpus and/or petition for writ of mandamus, requesting this Court to either order the trial court to rule on his May 29, 2007, motion for transport, or order the trial court to make arrangements to transport Bailem to Miami-Dade County and to conduct an evidentiary hearing on his rule 3.850 motion.
"To be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy." Jenkins v. State, 957 So.2d 20, 22 (Fla. 5th DCA 2007); accord Huffman v. State, 813 So.2d 10, 11 (Fla.2002); Tucker v. Ruvin, 748 So.2d 376, 377 (Fla. 3d DCA 2000). Mandamus is cognizable where the lower court fails to perform a ministerial duty, not to force a discretionary action. See State v. S.C.W., 718 So.2d 320, 323 (Fla. 2d DCA 1998) (citing Buckhalt v. McGhee, 632 So.2d 120, 121 (Fla. 1st DCA 1994), which held that "[m]andamus does not lie when the official against whom a petition for mandamus is sought has any discretion in the performance of the act petitioner seeks to compel").
Mandamus relief is not available to address Bailem's claims because it was within the trial court's discretion to grant Bailem an evidentiary hearing, the trial court exercised its discretion by ruling on Bailem's motion for postconviction relief without conducting an evidentiary hearing, and Bailem had an adequate remedy at law in that he could have sought review of the trial court's actions and rulings by way of direct appeal. Moreover, as the trial court has ruled on Bailem's 3.850 motion for postconviction relief, his motion to be transported to Miami-Dade County to address his 3.850 motion, is moot.
With regard to Bailem's request for habeas corpus relief, we note that habeas corpus petitions cannot be used to litigate issues that were raised or could have been raised in a postconviction appeal. See McDonald v. State, 952 So.2d 484, 498 (Fla.2006) (citing Knight v. State, 923 So.2d 387, 395 (Fla.2005)). Because Bailem could have sought review by appealing the trial court's denial of his rule 3.850 motion, he may not now attempt to litigate the issue by seeking habeas corpus review.
Petitions for writ of habeas corpus and/or mandamus denied.