SILBERMAN, Chief Judge.
Juan Carlos Borrego appeals his judgment and sentence for burglary of an unoccupied dwelling, grand theft, and obstructing or opposing an officer without violence. After entering a negotiated plea, Borrego was sentenced to ninety-six months in prison followed by ninety-six months of probation for burglary of an unoccupied dwelling, to a concurrent term of sixty months in prison for grand theft, and to time served for obstructing or opposing an officer without violence. Borre-go argues and the State concedes that the sentence for the second-degree felony of burglary of an unoccupied dwelling exceeds the statutory maximum of fifteen years and is illegal. See §§ 775.082(3)(c); 810.02(l)(b), (3)(b), Fla. Stat. (2010).
When a trial court imposes a sentence of incarceration followed by probation, the combined term cannot exceed the statutory maximum for the offense. Manning v. State, 961 So.2d 1135, 1136 (Fla. 2d DCA 2007); Gonzales v. State, 816 So.2d 720, 721 (Fla. 5th DCA 2002). A defendant cannot agree to an illegal sentence. Burgess v. State, 854 So.2d 754, 755 (Fla. 2d DCA 2003); Morales v. State, 712 So.2d 474, 474 (Fla. 2d DCA 1998). Here, the total sentence of sixteen years— ninety-six months (eight years) in prison followed by ninety-six months (eight years) *226 of probation — exceeds the statutory maximum and constitutes an illegal sentence.[1] See Morales, 712 So.2d at 474.
The State concedes that resentencing is required. We affirm Borrego’s convictions and reverse his sentences and remand for the trial court to impose a lawful sentence.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and WALLACE, JJ., Concur.

. An exception occurs when the lowest permissible sentence under the Criminal Punishment Code exceeds the statutory maximum. See Fla. R. Crim. P. 3.704(d)(25). Here, the lowest permissible sentence is 71.18 months or 5.93 years. Thus, the statutory maximum of fifteen years is applicable.