# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-684
Lower Tribunal No. 13-15295
_____

**Alexander Eugenio Moskovits,**
Petitioner,

vs.

**Crystal House, Inc., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Alexander E. Moskovits, in proper person.

Becker & Poliakoff, P.A., and Michael C. Gongora and Adam Cervera; Marshall Dennehey Warner Coleman & Goggin, and Andrew J. Marchese (Ft. Lauderdale); Robert N. Pelier, for appellees.

Before WELLS, LOGUE and SCALES, JJ.

PER CURIAM.

Petitioner, Alexander Eugenio Moskovits, the plaintiff below, has filed an original proceeding with this court for mandamus relief, certiorari relief, and "extraordinary review from the non-final denial" of Moskovits' motion for summary judgment. We dismiss the petition.

In the trial court, Moskovits filed an amended complaint seeking to void a settlement agreement that he and Defendants-Respondents, Crystal House, a condominium association, entered into in 2007.

Crystal House filed motions to dismiss Moskovits' amended complaint on statute of limitations grounds, and Moskovits filed a motion for summary judgment, asserting that the summary judgment evidence before the trial court established that the settlement agreement was the result of "extrinsic fraud."

At a hearing held on February 26, 2014, the trial court heard the motions, and subsequently entered an order denying both: (i) Crystal House's motions to dismiss, and (ii) Moskovits' motion for summary judgment.

We dismiss Moskovtis' petition because he has failed to assert—and indeed cannot assert—that the trial court violated any clear legal right of Moskovits, or that the trial court had an indisputable legal duty to grant his motion for summary judgment. See Bailem v. State, 984 So. 2d 604, 606 (Fla. 3d DCA 2008) ("To be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the

2

requested action, and the petitioner must have no other adequate remedy." (citation omitted)); Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So. 2d 861, 863 (Fla. 1st DCA 2004) (stating an "extraordinary writ of mandamus may not be used to establish the existence of an enforceable right, but rather only to enforce a right already clearly and certainly established in law" (citation omitted)).

Similarly, Moskovits has failed to assert—and again cannot assert—that in denying his summary judgment motion, the trial court departed from the essential requirements of law, or that he suffered any type of irreparable harm, so as to entitle him to certiorari relief. See Flores v. Sanchez, 39 Fla. L. Weekly D653, D654 (Fla. 3d DCA Mar. 26, 2014) (quoting Rodriguez v. Miami-Dade Cnty., 117 So. 3d 400, 404 (Fla. 2013) (explaining "[t]he threshold question that must be reached first is whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm" and whether the order under review constitutes a departure from the essential requirements of the law)).

As acknowledged by Moskovits on the face of his petition, the trial court's order denying his summary judgment motion was a non-final order. Only those non-final orders enumerated in Florida Rule of Appellate Procedure 9.130 are subject to interlocutory review, and an order denying a motion for summary judgment is not delineated by the rule. See Castillo v. Deutsche Bank Nat'l Trust Co., 57 So. 3d 965, 966 (Fla. 3d DCA 2011) ("[I]nterlocurotry appeals of non-final

3

orders denying motions for summary judgment are not permitted under [Rule 9.130].").

Petition dismissed.