SCALES, J.
Petitioner Lucy Perry seeks a writ of mandamus requiring Respondent Department of Children and Families (“DCF”) to provide Petitioner with the notice and opportunity for hearing required by Florida’s Administrative Procedure Act (“APA”). We deny the petition because DCF provided Petitioner with the required notice upon making its substantial interest determination.
I. Facts
At all times material, Petitioner was a food assistance recipient pursuant to Florida’s Supplemental Nutrition Assistance Program (“SNAP”).[1] Florida’s SNAP was modified in 2015, so that, effective January 1, 2016, SNAP recipients designated by DCF as being Able Bodied Adults Without Dependents (“ABAWDs”) are required to participate in a SNAP Employment and Training (“E & T”) program, operated by a local workforce services organization. The purpose of these E & T programs is to help SNAP recipients gain skills and work experience in order to achieve self-sufficiency. SNAP benefits cease if an ABAWD SNAP recipient, who is otherwise not entitled to exception or exemption, fails to meet the work requirements. It appeal's that an ABAWD SNAP recipient is excepted or exempt from work requirements if, among other reasons set forth in federal administrative rules, the individual has dependents, is pregnant, is over the age of forty-nine or is physically or mentally unable to work. See 7 C.F.R. § 273.24(b), (c) (2015). Unless exempted, an ABAWD may receive SNAP benefits for no more than three months in any thirty six-month period. Id.
All SNAP recipients, whether or not deemed an ABAWD, are required to undergo a continual re-application, and re-certification of their eligibility, for SNAP benefits. On or about December 21, 2015, DCF provided Petitioner with a Notice of Eligibility Review document reminding Petitioner of her obligation to re-apply for benefits if she desired to obtain SNAP benefits beyond January of 2016. This letter purported to inform Petitioner of new guidelines applicable to those SNAP recipients identified by DCF as ABAWDs, indicating the possibility that Petitioner could be re-classified as an ABAWD. To that point, Petitioner had received food benefits since 1997, not as an ABAWD due to disability.
This December 21, 2015 Notice of Eligibility Review contained a boilerplate notice informing Petitioner that she had a right to ask for a hearing before a hearing officer. The record reflects that the next notice Petitioner received was a February 9, 2016 Notification of Mandatory Participation sent to Petitioner not by DCF, but by City of Miami Career Center, i.e., the local workforce services organization operating the SNAP E & T program. This notice states, in relevant part, as follows: “You are receiving this notice because DCF referred you to the SNAP E & T program as a mandatory participant.” While this February 9, 2016 notice advises Petitioner, in general terms, of a right to have “decisions about your case reviewed *549 by a program supervisor,” it does not provide any notice of how Petitioner might challenge DCF’s identification of Petitioner as a time-limited ABAWD mandatory participant.
As the record indicates, sometime between December 21, 2015 (the date of DCF’s Notice of Eligibility Review explaining that certain SNAP recipients would be designated by DCF as ABAWDs), and February 9, 2016 (the date of the workforce service organization’s notice to Petitioner), DCF designated Petitioner as a time-limited ABAWD required to participate in the SNAP E & T program. On February 23, 2016, DCF sent Petitioner a Notice of Case Action informing Petitioner that her SNAP benefits would end on March 31, 2016, because Petitioner did not complete the ABAWD work requirements. This Notice of Case Action contained the same boilerplate hearing notice that appeared in DCF’s December 21, 2015 letter. While not entirely clear from the record, it appears that DCF terminated Petitioner’s SNAP benefits, effective April 1,2016.
Petitioner engaged counsel who sent DCF a March 31, 2016 e-mail suggesting that DCF provide specific notice to SNAP recipients who have been identified as ABAWDs, to allow such time-limted ABAWD SNAP recipients, such as Petitioner, the opportunity to challenge their ABAWD designations. The record reflects that DCF did not respond to this e-mail, and thus this petition seeking mandamus relief followed. Petitioner alleges that she is unable to work, and therefore, is exempt from the employment and training requirements applicable to those SNAP recipients identified by DCF as ABAWDs.
Through supplemental briefing invited by the Court, the record reflects that Petitioner’s SNAP benefits were restored sometime after the April 21, 2016 filing of this petition. The record, however, also evidences that DCF, late in 2016, sent Petitioner another notice informing her of the eligibility requirements that are mandatory for SNAP recipients identified as ABAWD. As of the date of oral argument,[2] it was unclear as to whether DCF now classified Petitioner as an ABAWD or as ABAWD-exempt. The parties agree, however, that Petitioner is still receiving SNAP benefits.
II. Nature of Mandamus Remedy
Petitioner seeks a writ of mandamus from this Court requiring DCF to provide her (and presumably all SNAP recipients whom DCF has identified as ABAWDs) with notice of the ABAWD designation and an opportunity to challenge this designation in an administrative proceeding. The extraordinary remedy of mandamus applies exclusively to enforce a ministerial duty of a government official. Monroe Cty. v. Cisneros, 49 So.3d 801, 801 (Fla. 3d DCA 2010). A party seeking mandamus relief must establish that the government official has violated a clear legal right of the petitioner by failing to perform a corresponding, indisputable legal duty. Tucker v. Ruvin, 748 So.2d 376, 377 (Fla. 3d DCA 2000). A legal duty is ministerial only when there is no room for the exercise of discretion, and the government official is required to perform the duty by law. Key Biscayne Gateway Partners, Ltd. v. Vill. of Key Biscayne, 172 So.3d 499, 499 (Fla. 3d DCA 2015).
III. Analysis
At the outset, we note that, pursuant to the APA, when actions undertaken by a Florida administrative *550 agency- affect one’s “substantial interests,” the affected person is entitled to an administrative hearing. § 120.569(1), Fla. Stat. (2015), This right to a hearing generally is triggered by the agency issuing an order that notifies the affected person of- the right to the hearing. Id. Usually, then, the agency’s issuance of an- order defines the “clear point of entry” into administrative dispute resolution. Fla. League of Cities, Inc. v. Admin. Comm’n, 586 So.2d 397, 413 (Fla. 1st DCA 1991).
In this case, the parties dispute when DCF undertook actions affecting Petitioner’s substantial interests so as to trigger Petitioner’s right to an administrative hearing. Petitioner argues that her substantial interests were determined by DCF when DCF — sometime between December 21, 2015, and February 9, 2016 — re-classified her as a time-limited ABAWD, Because. this re-classification affected her substantial interests as a SNAP benefits recipient, Petitioner argues that she should-have been notified of her right to an administrative hearing at this time. DCF argues that, for the purposes of SNAP benefits, Florida’s Administrative Code expressly establishes that Petitioner’s substantial interests were determined when DCF notified Perry of DCF’s intention to discontinue, terminate or reduce Petitioner’s SNAP benefits. DCF further argues .that-it rendered this determination in its February 23, 2016 Notice of Case Action'to Petitioner,, and that this letter contained the required notice to Petitioner of the availability of an ■ administrative hearing.[3]
Indeed, Florida’s Administrative Code requires notice and opportunity to be heard “when the Department’s action .., would adversely affect the individual’s ... eligibility for ,.. Food Stamp Program Benefits.” Fla. Admin. Code R. 65-2.042 (emphasis added). Further, the Florida Administrative Code provides that “[i]n cases of intended action to discontinue, terminate or reduce assistance, the Department shall give timely and adequate notice.” Fla. Admin. Code R. 65-2.043(2) (emphasis added). Hence, the relevant administrative rules expressly establish a SNAP recipient’s “clear point of entry” into the administrative hearing process as occurring when DCF makes, a determination regarding the person’s actual receipt of SNAP benefits, rather than when DCF makes a preliminary determination that might affect those benefits in the future.[4]
While DCF’s February 23, 2016 letter to Petitioner is not the model of clarity, it does notify Petitioner that she has a right to a hearing. Granted, prior to this February 23, 2016 letter, DCF made the decision to re-classify Perry as ,a time-limited ABAWD; nonetheless, DCF’s proposed re-classification of Petitioner and DCF’s ensuing change to Petitioner’s SNAP benefits are bound together so, tightly that, perforce, Petitioner would have to address both determinations at a requested hearing. We therefore conclude that DCF supplied Petitioner sufficient notice and op *551 portunity to be heard in its February 23, 2016 correspondence to her.
Consequently, we cannot say that DCF has a ministerial duty to issue Petitioner further notice so as to warrant mandamus relief. We deny the petition for writ of mandamus because the record establishes that DCF fulfilled its ministerial duty to Petitioner.
Petition denied.
ROTHENBERG, J., concurs.

. Florida’s SNAP program is authorized by federal law to provide food to low income individuals who meet the federal eligibility requirements. 7 U.S.C.§ 2011 et seq. Florida implements SNAP on a voluntary basis in order to address hunger and nutrition in low income households. As of the date of the filing of the petition for writ of mandamus, there were approximately 3,500,000 people in Florida receiving SNAP benefits. This program was known formerly as Food Stamps.

. February 22, 2017.

. In pertinent part, the letter states ; " Your Food Assistance benefits for the person(s) listed below [Lucy Perry] will end on March 31, 2016 .... We are applying the penalty listed below beginning April 1, 2016, because the head of your Food Assistance household .'., did not complete a work activity without having a good reason, If you comply before the begin date of the penalty, we will not impose a penalty .... ” Further, the letter states, "You have the right to ask for a hearing before a state hearings offlcbr.” The February 23, 2016 letter then includes instructions for requesting a hearing,

. Petitioner has not challenged the validity of these rules.