# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1377
Lower Tribunal No. 13-287-A-P
_____

**Martinez Watts,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Martinez Watts, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before ROTHENBERG, C.J., and SUAREZ, and LINDSEY, JJ.

LINDSEY, J.

We deny the petition for writ of mandamus seeking to compel the trial court

to conduct an evidentiary hearing on a post-conviction motion filed by Martinez

Watts pursuant to Florida Rule of Criminal Procedure 3.850. The trial court summarily denied Watts's motion on May 17, 2016. We have previously affirmed this same order denying Watts's Rule 3.850 motion. See Watts v. State, 206 So. 3d 715 (Fla. 3d DCA 2016), mandamus dismissed, 2017 WL 822362 (Fla. Mar. 2, 2017); see also Watts v. State, 233 So. 3d 1107 (Fla. 3d DCA), reh'g denied, 233 So. 3d 1109 (Fla. 3d DCA 2017).

Aside from the fact that this Court has adjudicated prior petitions seeking the same relief, the instant petition must be denied. See Martin v. Marko, 564 So. 2d 518, 519 (Fla. 4th DCA 1990) (holding that a writ of mandamus is permissible "only to command an inferior court to perform an act involving no exercise of discretion"); see also Bailem v. State, 984 So. 2d 604, 606 (Fla. 3d DCA 2008) (denying the petition for writ of mandamus seeking to compel the trial court to conduct an evidentiary hearing on defendant's motion for post-conviction relief after the trial court had summarily denied the motion).

Mandamus relief is only available to compel a lower court to perform a ministerial duty. Bailem, 984 So. 2d at 606 (citation omitted). Whether to grant an evidentiary hearing before ruling on a post-conviction motion is not a ministerial duty. Rather, a trial court's "decision of whether to grant an evidentiary hearing on a [post-conviction] motion is ultimately based on the written materials before the court, and the ruling of the postconviction trial court

2

on that issue is tantamount to a pure question of law subject to *de novo* review."

Anderson v. State, 220 So. 3d 1133, 1142 (Fla. 2017) (quoting Troy v. State, 57 So. 3d 828, 834 (Fla. 2011) (emphasis added). Thus, the fact that the trial court ruled on Watts' motion for post-conviction relief without an evidentiary hearing is not the proper subject of a petition for mandamus. Further, Watts had an adequate remedy of which he has availed himself in seeking review of the trial court's summary denial by way of a direct appeal.

Petition denied.