737 So.2d 1203 (1999)
Raul DIAZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-1263.
District Court of Appeal of Florida, Fifth District.
July 23, 1999.
*1204 Raul Diaz, Sneads, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Respondent.
W. SHARP, J.
Diaz seeks a writ of mandamus from this court to require the trial court to hold a hearing to dispose of a violation of probation charge pending against him. He claims he is entitled to a timely hearing pursuant to Florida Rule of Criminal Procedure 3.790(b). We deny the petition.
The record discloses that on May 26, 1998, Diaz pled guilty and received eighteen months probation in an Orange County criminal case. On January 5, 1999, he pled guilty in an Osceola County criminal case and was sentenced to 30.15 months in prison. On February 2, 1999, Orange County filed a detainer against him in prison, based on an affidavit of violation of probation regarding the Orange County case.
Diaz then filed a petition for writ of habeas corpus in the Orange County circuit court. He sought to instigate a hearing to dispose of the violation of probation charge. The trial court denied the petition stating that Diaz had sought the wrong remedy, and that he was not being illegally detained. This petition was then filed.
Rule 3.790(b) provides that when a probationer disputes the charge of violation of probation and is brought before the court which granted probation, then "as soon as practicable" the court should give the probationer "an opportunity to be fully heard in person, by counsel, or both." This rule is based on section 948.06(1) and (4), Florida Statutes, which contains similar provisions. However, both the rule and the statute contemplate an arrest of the probationer and his or her return to the court which granted probation originally.
The record before us does not establish that Diaz has been arrested for violation of probation in the Orange County case. An arrest triggers the probationer's right to be brought before the court which placed him on probation, and to a timely hearing in the event a violation is disputed. Simply filing a detainer against a person incarcerated in prison on another criminal case is insufficient.
Petition for Writ of Mandamus DENIED.
GOSHORN and PETERSON, JJ., concur.