737 So.2d 1232 (1999)
Willie Lee HARPER, Appellant,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Appellee.
No. 98-1176.
District Court of Appeal of Florida, First District.
August 3, 1999.
Willie Lee Harper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Willie Lee Harper, filed a petition for writ of mandamus on January 22, 1997, challenging a disciplinary report against him. On December 12, 1997, the *1233 court found that Harper was only partially indigent, ordered him to make a partial prepayment of $5 toward the $83.50 costs and fees and dismissed the case because Harper failed to make such payment within 15 days. We reverse and remand for clarification concerning whether Harper was unable to make a prepayment because the Department of Corrections (DOC) had placed a hold on his prison account.
The balance sheets from Harper's prison account filed with his affidavit of indigency on appeal, disclosed a zero balance from October 21, 1997, until December 24, 1997, when $20 was deposited. Previously, whenever Harper deposited money into his account, he immediately began making withdrawals to pay the canteen, thereby exhausting his funds within two days. After Harper had received the court's order of December 12, 1997, requiring him to make a prepayment of costs, however, this did not occur. Harper made no withdrawals; instead, the DOC made all the withdrawals from the account as of January 8, 1998.
Section 57.085(5), Florida Statutes (1997), authorizes DOC to place a lien on an indigent inmate's trust account to pay court costs and fees. Accordingly, it is possible that DOC placed a hold on Harper's account as soon as it received the court's order of December 12, 1997, and that Harper was therefore unable to withdraw the $5 needed for his prepayment. Dismissal for failure to make the initial payment would be error under such circumstances.
We reverse the order of dismissal and remand with directions for the trial court to determine whether Harper had funds available for the prepayment required by the December 12, 1998, order.
REVERSED and REMANDED.
ERVIN, LAWRENCE and BROWNING, JJ., CONCUR.