837 So.2d 433 (2002)
Patrick D. SAUNDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D02-288.
District Court of Appeal of Florida, Second District.
September 27, 2002.
Rehearing Denied February 12, 2003.
Patrick D. Saunders, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Judge.
Patrick Saunders petitions this court for a writ of prohibition alleging that the trial court lacks jurisdiction over the violation of probation pending against him because he has not been timely brought to hearing. Mr. Saunders seeks dismissal of the violation affidavit and the related detainer. We deny the petition with prejudice.
Mr. Saunders was placed on probation for possession of cocaine in 1991. He was subsequently convicted of federal charges and sentenced to federal prison. In 1994, while Mr. Saunders was serving his federal prison sentence, a Florida detainer was placed on him for violating his probation in the cocaine case. Mr. Saunders alleges that he moved the trial court to allow him to resolve the violation of probation in 1994, 1997, and 2000, all to no avail.
Although we are sympathetic to Mr. Saunders' situation, we deny the petition because we know of no mechanism by which he can force the trial court to timely dispose of the violation of probation nor does the trial court's failure to have done so deprive it of jurisdiction. Neither the speedy trial rule nor the Interstate Agreement on Detainers applies to a violation of probation. See Gonzalez v. State, 447 So.2d 381 (Fla. 3d DCA 1984); Irby v. State, 427 So.2d 367 (Fla. 2d DCA 1983). Nor does the probation statute afford any relief to a prisoner against whom a detainer has been lodged but who has not been arrested for the violation of probation. See § 948.06(4), Fla. Stat. (2001) (providing that a probationer who has been arrested for a violation of probation shall be given a hearing as soon as practicable).
Petition denied with prejudice.
CASANUEVA and STRINGER, JJ., Concur.