866 So.2d 163 (2004)
Alex C. BONNER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2642.
District Court of Appeal of Florida, Fifth District.
February 20, 2004.
Alex C. Bonner, Coleman, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Bonner appeals from an order of the circuit court which denied his petition for writ of habeas corpus. We affirm.
Bonner was placed on probation by the state court in Marion County, Florida, on *164 March 1, 1991. While he was still on probation, he was arrested by the federal authorities in 1996. He was convicted and sentenced by the federal court to a federal prison term for conspiracy to distribute cocaine. On February 2, 1996, the state law enforcement officials filed a detainer action letter with the federal prison authorities because Bonner had violated his state probation by having violated the federal law.
Bonner is currently incarcerated on the federal charges in the Federal Correctional Complex in Coleman, Florida, and will not complete his federal sentence until March 30, 2005. He filed this petition for writ of habeas corpus on June 30, 2002.
Clearly Bonner was not entitled to habeas corpus or mandamus relief, since he was not, nor did he allege, he was entitled to immediate release or was being held without lawful authority. See § 79.01, Fla. Stat. The circuit court treated his petition as a motion to be heard immediately on his probation violation charge, or in the alternative, for the court to dismiss the probation charge. It denied both.
A detainer is a request by a criminal justice agency filed with an institution in which a prisoner is incarcerated, asking it to either hold the prisoner for the agency or to notify the agency when the prisoner's release is imminent. Gethers v. State, 838 So.2d 504 (Fla.2003). A detainer is not an arrest, which may trigger a quick disposition of VOP charges. Both Florida Rule of Criminal Procedure 3.790(b) and section 948.06(1), Florida Statutes[1] contemplate that a probationer *165 be given an opportunity to be heard "as soon as practicable," on his or her VOP, but they contemplate the arrest of the probationer and his or her return to the court which granted the probation. See Diaz v. State, 737 So.2d 1203 (Fla. 5th DCA 1999).
The remedies sought by Bonner in this case are premature and inappropriate.
AFFIRMED.
MONACO and TORPY, JJ., concur.
NOTES
[1] Section 948.06, relied upon by Bonner, provides:

1) Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his or her probation or community control in a material respect, any law enforcement officer who is aware of the probationary or community control status of the probationer or offender in community control or any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him or her by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control.... Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation.... The court, upon the probationer or offender being brought before it, shall advise him or her of such charge of violation and, if such charge is admitted to be true, may forthwith revoke, modify, or continue the probation or community control or place the probationer into a community control program.... Notwithstanding s. 775.082, when a period of probation or community control has been tolled, upon revocation or modification of the probation or community control, the court may impose a sanction with a term that when combined with the amount of supervision served and tolled, exceeds the term permissible pursuant to s. 775.082 for a term up to the amount of the tolled period supervision....
* * *
(4) Notwithstanding any other provision of this section, a probationer or an offender in community control who is arrested for violating his or her probation or community control in a material respect may be taken before the court in the county or circuit in which the probationer or offender was arrested. That court shall advise him or her of such charge of a violation and, if such charge is admitted, shall cause him or her to be brought before the court which granted the probation or community control. If such violation is not admitted by the probationer or offender, the court may commit him or her or release him or her with or without bail to await further hearing. The court, as soon as is practicable, shall give the probationer or offender an opportunity to be fully heard on his or her behalf in person or by counsel. ... Upon the probationer or offender being brought before it, the court which granted the probation or community control may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section. (Emphasis added)