900 So.2d 702 (2005)
John Lee NORMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D04-3006.
District Court of Appeal of Florida, Second District.
April 22, 2005.
Rehearing Denied May 9, 2005.
John L. Norman, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Chief Judge.
John Lee Norman has filed a petition for writ of mandamus seeking to compel the trial court to conduct a hearing on an affidavit alleging a violation of probation. We conclude that the trial court has no ministerial duty that we can compel it to perform. If or when the trial court ultimately *703 holds a hearing on this affidavit, Mr. Norman is not foreclosed from seeking prison credit for time that he is currently serving in prison.
In 2001, Mr. Norman was convicted in case number 99-14787-F, in Sarasota County, for offenses including trafficking in stolen property. He received a probationary split sentence and served the prison portion of the sentence. While on probation, in June 2003, he committed offenses in Alachua County. He apparently was sentenced in Alachua County to approximately three years' incarceration for these new offenses.
As a result of these offenses, the State also filed an affidavit of violation of probation in Mr. Norman's Sarasota County case. Mr. Norman claims that he was arrested on the violation in Alachua County. He has provided documents to this court suggesting that he had a first appearance on the violation on October 6, 2003, in Alachua County. He is anxious to resolve the violation of probation in hopes that any prison sentence for that violation will run concurrently with his current sentence. He has filed several proceedings, including this petition for writ of mandamus, seeking this relief.
When a detainer has been issued against a prisoner, generally the prisoner will not be entitled to prison credit in the case with the detainer when he is sentenced in that case following the completion of the sentence he is currently serving. See Gethers v. State, 838 So.2d 504, 508 (Fla.2003). On the other hand, if an arrest warrant is transmitted and a prisoner is arrested under the authority of that warrant, the prisoner may be entitled to credit because he is being held on both charges. Gethers, 838 So.2d at 507. As this court noted in Saunders v. State, 837 So.2d 433 (Fla. 2d DCA 2002), a prisoner who has actually been arrested for a violation of probation is entitled to a hearing "as soon as practicable." See § 948.06(4), Fla. Stat. (2004).
In this case, the State does not concede that Mr. Norman has been arrested on the violation of probation. Even if he has, we cannot conclude that the trial court has a ministerial duty to conduct a hearing when it may not be "practicable" to conduct the hearing when Mr. Norman is imprisoned elsewhere. On the other hand, if Mr. Norman is correct and he has been arrested on the affidavit of violation of probation, then it would seem that he has a good argument that he is accruing prison credit on the Sarasota case while serving his current prison sentence. We do not resolve this issue but emphasize that it is an argument that he is free to make if or when the State conducts a hearing on the violation of probation in Sarasota County.
Petition for writ of mandamus denied.
NORTHCUTT and SALCINES, JJ., Concur.