910 So.2d 940 (2005)
Michael CHAPMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-2584.
District Court of Appeal of Florida, Fifth District.
September 23, 2005.
Michael Chapman, pro se.
No Appearance for Respondent.
THOMPSON, J.
Michael Chapman seeks certiorari review of the circuit court's order denying his petition for writ of mandamus against the Brevard County Sheriff's Office. He sought to compel the sheriff's office to arrest him instead of merely filing a detainer against him. The court denied his writ, stating that Chapman was not entitled to mandamus relief because he was serving a sentence in a different county on a separate charge, which was committed while he was on probation for a Brevard *941 County conviction. We treat the certiorari review as an appeal and affirm.
Chapman was sentenced in Brevard County in 1996 as a youthful offender to two years in prison, followed by four years probation. In 1998, he violated his probation and was sentenced to two years community control, followed by 18 months probation. Chapman subsequently violated his community control and absconded. He was arrested on 29 September 1999 on new charges in Bay County, Florida, for burglary to a structure and principal to burglary of a conveyance. He entered pleas to the Bay County charges and was sentenced to consecutive five-year sentences for the two burglary cases, but concurrent with any sentence imposed for violating community control in Brevard County.
Chapman sought to have the Brevard County cases resolved by trial or by plea. However, Brevard County only placed a detainer[1] on Chapman; they did not seek to have him arrested and returned for trial. Chapman then filed a petition for writ of mandamus, requesting the circuit court to compel the Brevard Sheriff's Office to perform its duty to arrest him by serving the arrest warrant. The warrants had been issued in the Brevard cases on 17 September 1999 based on affidavits of violation of community control.
Citing Norman v. State, 900 So.2d 702 (Fla. 2d DCA 2005), and Bonner v. State, 866 So.2d 163 (Fla. 5th DCA 2004), the trial court denied the petition for writ of mandamus, ruling that Chapman was not entitled to mandamus relief while serving a sentence on a separate charge in a different county for an offense committed while he was on Brevard County community control. Chapman seeks certiorari review of this order.
First, certiorari review is inappropriate in this case. Direct appeal is the proper vehicle for appellate review of a mandamus petition. See Mazer v. Orange County, 811 So.2d 857, 858 (Fla. 5th DCA 2002) (holding that appellate courts generally allow direct review of an order dismissing a mandamus petition). Therefore, in the interest of judicial economy, we treat Chapman's petition as an appeal and affirm the trial court's order. See Fla. R.App. P. 9.315(a).
To be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy. Huffman v. State, 813 So.2d 10, 11 (Fla.2000); Milanick v. Town of Beverly Beach, 820 So.2d 317, 318 (Fla. 5th DCA 2001). Chapman contends that respondent has a duty to execute the arrest warrant against him based on section 948.06(1), Florida Statutes, which states that any magistrate may issue a warrant for the arrest of a probationer "returnable forthwith." However, the arrest warrant in this case does not contain the word "forthwith." In fact, Chapman acknowledges that a law enforcement officer is not required to execute a warrant at the first opportunity.
More important, Chapman has no personal right to have the arrest warrant executed. The state or governmental entity seeking prosecution is the entity *942 that has a right to the service of the arrest warrant. Chapman has no right to compel the sheriff to use resources to arrest someone in prison being held on a detainer for violating probation. Furthermore, Chapman is actually seeking to compel the trial court to hold a hearing on the probation violation. As explained in Norman, 900 So.2d at 703, a court has no ministerial duty to conduct a hearing on an affidavit alleging a violation of probation. A probationer is only entitled to be heard on a violation of probation after his arrest and return to the court which granted the probation. Bonner, 866 So.2d at 164-165. See also Diaz v. State, 737 So.2d 1203 (Fla. 5th DCA 1999) (holding that filing a detainer is not the equivalent of an arrest and does not trigger a probationer's right to be brought before the court that placed him on probation for a timely violation of probation hearing). Thus, there is no mechanism by which Chapman can compel Brevard County to arrest him.
AFFIRMED.
PLEUS, C.J., and PALMER, J., concur.
NOTES
[1] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Gethers v. State, 838 So.2d 504, 507 (Fla.2003) (citing Carchman v. Nash, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)).