936 So.2d 42 (2006)
John M. COLDIRON, Petitioner,
v.
SEMINOLE COUNTY SHERIFF'S DEPARTMENT, Respondent.
No. 5D06-1761.
District Court of Appeal of Florida, Fifth District.
July 21, 2006.
Rehearing Denied August 16, 2006.
John M. Coldiron, E. Palatka, Pro Se.
No Appearance for Respondent.
PER CURIAM.
We deny John M. Coldiron's petition for writ of mandamus, which sought to require the Seminole County Sheriff's Department to return $10,487 to him seized as part of a drug trafficking investigation. Coldiron furnished to us an order of the Seminole County Circuit Court forfeiting the money to the Sheriff's Department pursuant to the Florida Contraband Forfeiture Act §§ 932.701-.707, Florida Statutes (2002). That defeats his claim to the money.
*43 Mandamus is a common law remedy used to enforce an "established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA 1991); see Jackson v. Fla. Dep't of Corrs., 790 So.2d 381, 386 (Fla.2000). Mandamus may not be used to establish rights. Fla. League of Cities v. Smith, 607 So.2d 397, 401 (Fla.1992). Instead, a party petitioning for a writ of mandamus must establish a clear legal right to the requested relief, an indisputable legal duty, and have no adequate remedy at law. See Chapman v. State, 910 So.2d 940, 941 (Fla. 5th DCA 2005). Clearly that has not occurred here. If Coldiron believes that the forfeiture judgment is flawed, he should seek relief pursuant to Florida Rule of Civil Procedure 1.540. We express no opinion on the merits of any such effort.
MANDAMUS DENIED.
THOMPSON, ORFINGER and TORPY, JJ., concur.