946 So.2d 1161 (2006)
Charles SCOTT, Appellant,
v.
James McDONOUGH et al., Appellee.
No. 1D06-3315.
District Court of Appeal of Florida, First District.
December 21, 2006.
Rehearing Denied January 25, 2007.
*1162 Charles Scott, pro se, Appellant.
Monica Ryan, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the circuit court's orders imposing liens on his inmate trust account for circuit court fees and costs incurred as a result of his circuit court Petition for Writ of Mandamus as well as circuit court fees and costs related to this appeal. Appellant also argues that it was error for the trial court to dismiss his Petition for Writ of Mandamus when he failed to comply with the circuit court's order requiring him to prepay $9.00 in circuit court fees and costs.
We find no error in the circuit court's decision to impose liens and partial prepayment obligations on appellant's inmate trust account, pursuant to section 57.085, Florida Statutes. Appellant's mandamus action does not qualify as a collateral criminal proceeding; accordingly, we affirm the circuit court orders to the extent that they place liens on appellant's trust account and require a partial prepayment of fees and costs. However, appellant's second point on appeal may potentially have merit. It is error for the circuit court to dismiss an action for failure to prepay fees and costs where a lien placed by the Department of Corrections prevents the inmate from complying with the prepayment obligations. The circuit court's order never directly addresses appellant's arguments on this point and the record evidence tends to support appellant's claim. Therefore, this matter must be reversed and remanded with instructions for the circuit court to determine whether the Department of Corrections had a lien on appellant's inmate trust account, which prevented him from complying with the order to partially prepay circuit court fees and costs.
In Schmidt v. Crusoe, the Supreme Court stated that an action which directly affects an inmate's time in prison is collateral criminal in nature and is not subject to the Prisoner Indigency Statute. 878 So.2d 361, 367 (Fla. 2003). Accordingly, if an action qualifies as a collateral criminal proceeding, there is no basis for imposing a lien or requiring the prepayment of a fee when the inmate has obtained a certificate of indigency. See § 57.081, Fla. Stat.
Here, however, appellant's Petition for Writ of Mandamus merely sought to compel the Department of Corrections to address the merits of his administrative grievance appeal, which the Department of Corrections had deemed untimely. If successful on this petition, appellant would obtain the right to have his appeal heard, on the merits, by the Department of Corrections. This mandamus proceeding could not, in any way, directly affect appellant's time in prison. Therefore, it does not qualify as a collateral criminal proceeding and the imposition of liens and prepayment obligations under section 57.085(4) and (5), Florida Statutes, was appropriate.
*1163 Now we turn to appellant's second point on appeal. Appellant cites to Harper v. Moore, 737 So.2d 1232 (Fla. 1st DCA 1999), and Huffman v. Moore, 778 So.2d 411 (Fla. 1st DCA 2001), for the proposition that where the Department of Corrections has placed a lien on an inmate trust account, which makes it impossible for the inmate to make the partial prepayment ordered, it is error to dismiss for failure to comply with the prepayment obligation. In the circuit court, appellant specifically argued that he was unable to comply with the prepayment obligations because of a lien the Department of Corrections had placed on his account. A review of appellant's inmate trust account records shows that following the April 4, 2006, order, requiring appellant to make partial prepayment, appellant made no withdrawals from his inmate trust account. Every withdrawal after this date was made by the Department of Corrections for purposes of satisfying the lien.
The circuit court's Order of Dismissal indicates that it was dismissing the petition because appellant failed to comply with his prepayment obligations. At no point did the circuit court address appellant's argument concerning his inability to pay due to the lien. In light of these facts and the above cited case law, the circuit court's Order of Dismissal is reversed and remanded with directions for the circuit court to determine whether appellant had funds available for the prepayment required by the April 4, 2006, order.
AFFIRMED in part, REVERSED in part and remanded with directions.
WEBSTER, POLSTON and HAWKES, JJ., concur.