957 So.2d 20 (2007)
Ernest O. JENKINS, a/k/a Mack L. Jenkins, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2580.
District Court of Appeal of Florida, Fifth District.
April 13, 2007.
*21 Ernest O. Jenkins, Raiford, pro se.
Bill McCollum, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Jenkins appeals an order dismissing his complaint for writ of mandamus. He argues that the lower court erred in dismissing his complaint because it demonstrated a prima facie case for relief. He also argues that the lower court erred in imposing a lien on his inmate trust account *22 because this action was a collateral criminal proceeding exempt from such liens. We reverse the dismissal order and remand with instructions to issue an order to the Volusia County Sheriff's Office to show cause why mandamus should not be granted. We affirm the lien, however, as Jenkins has failed to establish that this was a collateral criminal proceeding.

Facts
Jenkins filed a complaint for a writ of mandamus alleging that a detainer lodged against him by the Volusia County Sheriff's Office in 1983 was still pending against him. He asked the lower court to remove the detainer because it was impeding his eligibility for a lesser form of custody and for early release. Jenkins attached several responses from prison officials indicating the existence of this detainer.
The lower court entered an Order on Application for Indigent Status, which declared Jenkins indigent, but ordered him to pay the initial court costs from his prison trust account at a rate of $10 per month. Jenkins filed a Motion for Review of this order, claiming that this action was exempt from the imposition of a statutory lien on his prison trust account because it was a collateral criminal proceeding.
The trial court did not address Jenkins' motion. Instead, it entered an Order Dismissing Writ of Mandamus. The order stated in pertinent part, "In the instant petition, Mr. Jenkins requests that the Court remove detainer number 83-53278. The Seventh Judicial Circuit has no record of the detainer. . . ." The court attached a copy of a computer printout from the Volusia County Justice Information System stating that Ernest Osbie Jenkins had "no warrants on file." Jenkins timely appealed.

Mandamus
To be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy. Chapman v. State, 910 So.2d 940, 941 (Fla. 5th DCA 2005). The State argues first that "if there is no warrant, there is no relief that can be granted." That argument was the basis for the lower court's dismissal. The court attached a copy of a computer printout from the Volusia County Justice Information System stating that Ernest Osbie Jenkins had "no warrants on file."
A warrant is not a detainer. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Chapman, 910 So.2d at 941 n. 1 (quoting Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985)). Thus, it is not clear how the lower court's check for warrants on the court system's computer would reveal a detainer lodged by the Volusia County Sheriff's Office. Second, even if such a check would have revealed a detainer, the court only checked under the name Ernest Osbie Jenkins, not his alias, Mack L. Jenkins, which appears on all of Jenkins' prison documentation.
Jenkins' complaint named the State of Florida as the respondent and requested the lower court to order the Department of Corrections to remove the detainer. Jenkins failed to name the appropriate respondent, which would be the Volusia County Sheriff's Office because it lodged the detainer. See Perkins v. State, 766 So.2d 1173 (Fla. 5th DCA 2000) (holding that mandamus is proper remedy to require *23 whoever lodged detainer to remove it). Nevertheless, Jenkins' complaint alleged that the Volusia County Sheriff's Office lodged the detainer. Thus, the lower court had a sufficient basis to deem the sheriff's office as the proper respondent.
In short, it appears that Jenkins' complaint sufficiently alleged his right to have the detainer removed. It also sufficiently alleged that Jenkins had no other remedy available. We therefore reverse the dismissal order and remand with directions to the lower court to issue an order to the sheriff's office to show cause why mandamus should not be granted.

The Lien
Jenkins argues that the trial court erred by imposing a lien on his prison trust account to pay for the filing fees in this action because it was a collateral criminal proceeding, which is exempt from liens under section 57.085(10), Florida Statutes. The State argues that Jenkins never obtained a ruling on his motion for review and should therefore be required to obtain a ruling on that motion. However, Jenkins notes that he filed a letter of inquiry about his motion for review and the lower court responded by asserting that his case had been dismissed. Accordingly, this issue was not waived.
On the merits, a collateral criminal proceeding is one which may directly affect a prisoner's time in prison. Scott v. McDonough, 946 So.2d 1161, 1162 (Fla. 1st DCA 2006) (citing Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003)). Jenkins asserted below that the detainer adversely affected his eligibility for early release pursuant to sections 775.084 and 941.1405, Florida Statutes (1989). These citations do not support Jenkins' contention.[1] Accordingly, Jenkins has failed to establish that this was a collateral criminal proceeding.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] There is no section 941.1405, Florida Statutes (1989).