IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RALPH A. THOMAS,

      Appellant,

v.

DEPARTMENT             OF
CORRECTIONS,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4439

Opinion filed March 5, 2015.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Ralph A. Thomas, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Jennifer Parker, General Counsel, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, J.

      The Appellant, Ralph A. Thomas, appeals the trial court's order imposing liens on his inmate trust account for court costs and fees incurred as a result of his Petition for Writ of Mandamus. We agree with the Appellant that the portion of his

petition that challenged his inability to earn gain time for one month was a collateral criminal proceeding, which was exempt from the lien requirement of section 57.085, Florida Statutes (2013). However, we find the portion of the Appellant's petition that argued eligibility for a work release program is a collateral criminal proceeding subject to the lien exemption to be without merit.

In order for the lien exemption to apply, work release eligibility would have to be a collateral criminal proceeding. To determine whether an action is a collateral criminal proceeding, the Florida Supreme Court has developed a bright line test. McNeil v. Cox, 997 So. 2d 343, 348 (Fla. 2008) (citing to Schmidt v. Crusoe (Schmidt I), 878 So. 2d 361, 367 (Fla. 2003)); see also Scott v. McDonough, 946 So. 2d 1161, 1162 (Fla. 1st DCA 2006) ("An action that directly affects an inmate's time in prison is collateral criminal in nature."). If the challenged action has an effect on the amount of time an inmate has to actually spend in prison, it is deemed a collateral criminal challenge. Schmidt I, 878 So. 2d at 367; see Schmidt v. McDonough (Schmidt II), 951 So. 2d 797, 802 (Fla. 2006) (finding that a claim regarding reinstatement in prison computer classes was unrelated to the length of time the inmate would actually serve in prison and as such, was a civil claim ineligible for the lien exemption).

Here, the Appellant's loss of the work release option did not have an effect on the amount of time he had to actually spend in confinement because the work release

2

program does not affect the actual time the inmate remains confined. Section 945.091, Florida Statutes (2013), provides as follows:

(1) The department may adopt rules permitting the extension of the limits of the place of confinement of an inmate as to whom there is reasonable cause to believe that the inmate will honor his or her trust by authorizing the inmate, under prescribed conditions and following investigation and approval by the secretary, or the secretary's designee, who shall maintain a written record of such action, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to:

***

(b) Work at paid employment, participate in an education or a training program, or voluntarily serve a public or nonprofit agency or faith-based service group in the community, while continuing as an inmate of the institution or facility in which the inmate is confined, except during the hours of his or her employment, education, training, or service and traveling thereto and therefrom.

The language in the statute shows that work release is merely an extension of the limits of the place of confinement. As such, the loss of the option of work release did not affect the actual time the Appellant remained confined. Because the actual

3

amount of confinement was unaffected, this was not a collateral criminal proceeding, and the lien exemption did not apply. As such, we AFFIRM. <u>McNeil v. Cox</u>, 997 So. 2d 343, 348 (Fla. 2008) (finding that a petition involving a collateral criminal proceeding and a civil proceeding is a mixed petition that is not eligible for exemption from the lien requirement).

LEWIS, C.J., and WOLF, J., CONCUR.